**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RICHARD FAGNANT and**
**JAMES TOWNES**
**Plaintiffs,** :
: **CA 06 494 ML**
**C.A.**
**VS.** :
:
**AMERIQUEST MORTGAGE** :
**COMPANY** :
**Defendant** :

## COMPLAINT

## INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### FACTS PERTAINING TO PLAINTIFF RICHARD FAGNANT

4. Plaintiff Richard Fagnant resides at 88 Coe Street, Woonsocket, RI 02895.

5. On or about December 23, 2004 Plaintiff Richard Fagnant and his wife obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff Fagnant and his wife received or signed the following documents:

1. A note in the principal amount of $203,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 1- 2;
5. A One Week Cancellation Period form; attached as Exhibit 3; and
6. A HUD-1 Settlement Statement.

7. On or about June 19, 2006 Plaintiff Fagnant exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 4.

8. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA. Copy of the letter is attached as Exhibit 5.

**FACTS PERTAINING TO PLAINTIFF JAMES TOWNES**

9. Plaintiff James Townes resides at 94 Hamilton Street, Providence, RI 02907.

10. On or about June 23, 2006 Plaintiff James Townes and his girlfriend, Ebony Davis Moye obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

11. In connection with the transaction, Plaintiff Townes and his girlfriend received or

signed the following documents:

1. A note in the principal amount of $342,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 6- 7;
5. A One Week Cancellation Period form; attached as Exhibit 8; and
6. A HUD-1 Settlement Statement.

12. On or about June 21, 2006 Plaintiff Townes exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 9.

13. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA. Copy of the letter is attached as Exhibit 10.

**DEFENDANT**

14. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

15. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

16. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

17. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## COUNT I - TRUTH IN LENDING ACT

18. Plaintiffs incorporate ¶¶ 1-17 as if fully set out herein.

19. Because the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the *Right To Cancel* provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

20. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

21. More specifically, the Regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:(Emphasis added)**

**(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
**(ii) The consumer's right to rescind the transaction.**
**(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
**(iv) The effects of rescission, as described in paragraph (d) of this section.**
**(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

## DEFECTIVE NATURE OF DISCLOSURES

### Incomplete Notices

22. On each of the refinance transactions referenced herein, the Defendant Ameriquest failed to deliver "two copies" of a document that "clearly and conspicuously disclose" the rescission rights of each person entitled to rescind in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23.

23. The copies of the notice of right to cancel actually delivered by the Defendant in connection with Plaintiff Fagnant's mortgage refinance loan were materially confusing and therefore, defective in that three (3) out of four (4) copies of the notice of right to cancel were incomplete by no stating the date of the transaction and the date of the expiration of the rescission period, a violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23(b)(1)(v).

24. The copies of the notice of right to cancel actually delivered by the Defendant in connection with Plaintiff Townes' mortgage refinance loan were materially confusing and therefore, defective in that three (4) out of four (5) copies of the notice of right to cancel were incomplete by no stating the date of the transaction and the date of the expiration of the rescission period, a violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23(b)(1)(v).

**One Week Form**

25. The Plaintiffs allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.

26. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

27. Further the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre, Bar # 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**JURY DEMAND**

Plaintiffs demand trial by jury

Christopher M. Lefebvre